CARMEN A. TRUTANICH, City Attorney (SBN 86629x)
GARY G. GEUSS, Chief Assistant City Attorney
CORY M. BRENTE, Assistant City Attorney
COLLEEN R. SMITH, Deputy City Attorney (SBN 209719)
200 North Main Street
6th Floor, City Hall East
Los Angeles, CA 90012-4129
Telephone: (213) 978-7043  Facsimile: (213) 978-8785
Email: colleen.smith@lacity.org

Attorneys for Defendants **CITY OF LOS ANGELES, et al.**

NOTE CHANGES MADE BY THE COURT.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MINITER, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES et al.,<br><br>Defendants. | CASE NO. CV10-5826 MMM (AGRx)<br><br>DISCOVERY MATTER<br>[The Hon. Alicia G. Rosenberg, Courtroom "D", Spring Street]<br><br>~~STIPULATION FOR~~ PROTECTIVE ORDER; ~~(Proposed)~~ ORDER |

NOTE CHANGES MADE BY THE COURT.

The parties having met, conferred and stipulated to the following terms and conditions, and for good cause shown as set forth on the record at the hearing on Plaintiff's Motion to Compel heard on April 19, 2011, the Court hereby orders as follows:

1. Defendants [hereinafter "Disclosing Party"] may designate as confidential any (a) LAPD official document or writing contained within, or part of, any IA file or internal FID file, (b) documents maintained in any LAPD officer's personnel file, (c) documents which contain information derived from the categories of documents listed in (a) and (b), and (d) any document that Disclosing Party, in good faith, believes is protected from disclosure within the meaning of FRCP 26(g), in that the document contains information that is privileged under federal law on the basis of the document containing confidential or

1

private information. All such documents may be designated confidential, and hence subject to the protections of this Stipulation and Order, by affixing to such documents a label such as "Confidential," "Confidential Documents," "Confidential Material," "Subject to Protective Order," or words of a similar effect. Any documents so designated, and all information derived therefrom [hereinafter collectively referred to as "Confidential Information"], shall be treated in accordance with the terms of this Stipulation and Order. In making this designation, the Disclosing Party is also representing that no portion of any designated document is segregable and, therefore, subject to production without restriction as "Confidential."

2. Confidential Information may be used by the persons receiving such information [hereinafter "Receiving Party(ies)"] only for the purposes of litigation of the above-captioned case, and for no other purposes, including any purpose of general dissemination to the media or the public at large;

3. Subject to the further conditions imposed by this Stipulation and Order, Confidential Information produced pursuant to this Stipulation and Order may be disclosed only to the above-captioned court and the following persons:

(a) The attorneys at the Linde Law Firm; Miniter; potential witnesses at deposition or at trial; and experts, investigators, paralegal assistants, office clerks, secretaries and other personnel working under the supervision of attorneys at the Linde Law Firm; and

(b) Such other parties as may be agreed by written stipulation among the parties hereto.

4. Nothing in this Stipulation and Order imposes any restrictions on the Receiving Parties' use or disclosure of material independently obtained by such parties in this action, whether or not such material is also disclosed as Confidential Information in this action.

5. Prior to the disclosure of any Confidential Information to any expert witness, lay witness, retained consultant or investigator, the Receiving Party who seeks to use or disclose such Confidential Information to such person shall first provide a copy of this Stipulation and Order and have such person sign a nondisclosure agreement, stating that the

person has received and read a copy of the Stipulation and Order and understands that s/he is bound by the terms of the Stipulation and Order in substantially the form set forth below:

   A.   I understand that I am being given access to Confidential Information pursuant to the foregoing Stipulation and Order. I have read the Stipulation and Order and agree to be bound by its terms with respect to the handling, use, and disclosure of such Confidential Information.

Dated:

   Signed:_____

Counsel signatories below shall maintain all signed acknowledgments of receipt of the Stipulation and Order by persons to whom the Stipulation and Order is provided pursuant to the terms of this Paragraph 5. If an issue arises regarding a purported unauthorized disclosure of Confidential Information, upon noticed motion of contempt filed by the Disclosing Party, counsel for the Receiving Party(ies) may be required to file the signed acknowledgment of the receipt and review of the Stipulation and Order, as well as a list of the disclosed documents, *in camera* with the Central District bench officer having jurisdiction over compliance with the Stipulation and Order. The Receiving Party(ies) may not be required to produce any documents that would reveal the identity of the persons given Confidential Information pursuant to this Stipulation and Order except upon an order of the Court.

   6.   The court reporter, videographer, and audiographer, if any, who record all or part of the depositions in this matter shall be subject to this Order. In preparing the original deposition videotape, audiotape, or portions thereof, any copies thereof, or portions of copies thereof, all documents designated as "Confidential Information," and all testimony involving information derived from such "Confidential" documents shall be segregated from the rest of the deposition. No copies of such segregated "Confidential Information" portions of the materials described above shall be provided to any persons other than those persons identified in paragraph 3.

   7.   This Stipulation and Order shall remain in effect until final termination of this

1 litigation, including any appeal pertaining thereto. Nothing shall prevent any Disclosing
2 Party or Receiving Party from moving the court for further protection from disclosure or
3 other protection during or after trial. In the event that a trial never commences in this case,
4 then all documents still classified as Confidential Information at the time the case is
5 dismissed or otherwise resolved, and all copies thereof and other documents containing
6 Confidential Information, including copies provided to any qualified person in Paragraph
7 3, above, shall be returned to the Disclosing Party. If this matter is remanded to state court,
8 then all Confidential Information and copies thereof shall promptly be returned by all
9 Receiving Parties to the Disclosing Party.
10     8. If any Receiving Party who receives Confidential Information is served with
11 a subpoena or other request seeking Confidential Information, s/he or it shall immediately
12 give written notice to counsel for the Disclosing Party and identify the Confidential
13 Information sought and the time in which production or other disclosure is required. Such
14 notice shall be given sufficiently in advance of the date for production or other disclosure
15 so that the Disclosing Party have the opportunity to seek an order barring production or
16 other disclosure, or to otherwise respond to the subpoena or other request for production or
17 disclosure of Confidential Information. Production or disclosure should not be made
18 without prior written approval by the Disclosing Party's counsel, unless required by the
19 subpoena power of another court or as a result of the receipt of third party discovery
20 requests in another case. This Stipulation and Order does not purport to limit the subpoena
21 power of another court or the rights of third parties to conduct discovery.
22     9. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other
23 written submissions to the Court in this litigation which contain or incorporate Confidential
24 Information shall be filed and maintained under seal and comply with all of the requirements
25 of Local Rule 79-5 and all of that Rule's subsections. Any application to file documents
26 under seal shall set forth with particularity the need to place before the Court information
27 in such records. ~~The procedures of Local Rule 37 shall govern the hearing of any such~~
28 ~~application.~~ Any pleadings, motions, briefs, declarations, stipulations, exhibits or other

written submissions that refer to, but do not contain or incorporate, Confidential Information, shall designate for the Court that the reference is to Confidential Information so as to enable the Court, in drafting presumptively public orders relating to these filings under seal, to determine whether there is evidence which the Court should attempt not to disclose in its orders.

10. Counsel for the parties agree to request that any motions, applications or other pre-trial proceedings which would entail the disclosure of Confidential Information be heard by the Court outside the presence of the jury, ~~unless having heard opposition from counsel to such a process, the Court orders otherwise.~~

11. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence on grounds including, but not limited to, relevance and privilege. No production of Confidential Information pursuant to this Stipulation and Order waives any objection to disclosure of matter which is a source of or basis for Confidential Information.

12. Any dispute relating to this Stipulation and Order, such as designation of Confidential Information, must be done pursuant to L.R. 37. The party designating information, documents, materials, or items as confidential bears the burden of establishing specific prejudice or harm in the course of such a dispute. At any time after receipt of Confidential Information, the Receiving Parties may provide the Disclosing Party with a written objection, including a specific basis for the objection, to the designation of Confidential Information within the purview of this Stipulation and Order. The Disclosing Party shall, within 30 days of receipt of the written objection, advise the counsel for the Receiving Parties whether the Disclosing Party intends to seek an order from the Court retaining the documents within the Protective Order. Counsel for the Receiving Parties must, upon receipt of such written notice, continue to treat the documents as Confidential Information, and follow Local Rule 79-5, until such time as the Court rules on the motion. Notwithstanding the foregoing, any party bound by this Stipulation and Order who contests the confidential nature of documents or information produced pursuant to this Stipulation

and Order may move the Court for an order to have the documents or information removed from the protections of the Stipulation and Order, to have the documents declared not confidential, or otherwise to modify the Stipulation and Order as to some or all of the documents or information. These procedures are in addition to, and not in lieu of, compliance with Local Rules 37 and 79-5.

13. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

DATED: April 25, 2011         THE LINDE LAW FIRM


By: _____/S/_____
AREN KAVCIOGLU
Attorneys for Plaintiff Kevin Miniter


DATED: April 26, 2011         CARMEN A. TRUTANICH, City Attorney
GARY G. GEUSS, Chief Assistant City Attorney
CORY M. BRENTE, Assistant City Attorney

By _____
COLLEEN R. SMITH, Deputy City Attorney
*Attorneys for Defendants* **CITY OF LOS ANGELES, et al.**

---

**IT IS SO ORDERED.**

DATED: April 28, 2011

*Alicia G. Rosenberg*

UNITED STATES MAGISTRATE JUDGE